JERNBERG FORGINGS CO., ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 83–12–01790

(Dated March 8, 1984)

Before RESTANI, *Judge.*

*Dow, Lohnes & Albertson* (*William Silverman* and *John C. Jost, Esqs.*), for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *J. Kevin Horgan, Esq.,* for defendant.

---

*Opinion and Order*

RESTANI, *Judge:* This matter is before the court on plaintiffs' motion to file out of time a complaint challenging the "negative aspects" of a final affirmative countervailing duty determination made by the Department of Commerce regarding forged undercarriage components from Italy. 48 Fed. Reg. 52,111 (1983).

On December 16, 1983 plaintiffs filed a timely summons in this matter. 28 U.S.C. § 2636(c) (Supp. V 1981) and 19 U.S.C. § 1516a(a)(2) (1982). It appears that plaintiffs mailed their complaint to the court by certified mail on January 16, 1984, but it was returned for insufficient postage. A second attemp to file the complaint on February 7, 1984 was unsuccessful because it was beyond the time specified in 19 U.S.C. § 1516a(a)(2).[1] It also appears that copies of plaintiffs' complaint were mailed to all of the parties named in the summons. Plaintiffs' motion to file their complaint out of time was promptly filed on February 10, 1984.

The statutory scheme makes clear that plaintiffs' action is barred if not filed within the relevant statute of limitations. 19 U.S.C. § 1516a(a)(2), 28 U.S.C. § 2636(c). The question presented here is whether the court has discretion to allow plaintiffs' complaint to be filed out of time because a timely summons was filed or whether 19 U.S.C. § 1516a(a)(2)(A) presents an absolute bar to the filing of an untimely complaint.

As stated by defendant "The starting point in every case involving construction of a statute is the language itself," citing *Blue-Chip Stamps* v. *Manor Drug Stores,* 421 U.S. 723, 756 (1975) (concurring opinion). If the language is clear no resort to legislative history is needed, citing *United States.* v. *Oregon,* 366 U.S. 643, 648 (1961). The court does not find the language of 19 U.S.C. § 1516a(a)(2) when read alone to be clear and unambiguous, but the court does find 28 U.S.C. § 2636(c) to be clear. It states:

A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 * * * is barred unless commenced in accordance with the rules of the Court of International Trade within thirty days after the date of the publication of such determination in the Federal Register.

When read with 19 U.S.C. § 1516a(a)(2), it is apparent that 28 U.S.C. § 2636(c) specifies the applicable statute of limitations in this case. 19 U.S.C. § 1516a(a)(2)(A) merely sets out procedural details.[2] To the extent that any jurisdictional issue is raised by the timing of the commencement of this action, it is satisfied by the timely filing of the summons. As stated previously, the summons was filed within thirty days of the reviewable determination.

---

[1] 19 U.S.C. § 1516a(a)(2)(A) reads in part: "Within thirty days after the date of publication in the Federal Register * * * an interested party * * * may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint * * *."

[2] Neither the legislative history of 19 U.S.C. § 1516a nor that of 28 U.S.C. § 2636(c) is helpful to an understanding of this matter.

Rule 3(a) of this court is in accord with 28 U.S.C. § 2636(c). It states in part, "the following civil actions are commenced by filing a summons only: * * * An action described in 28 U.S.C. § 1581(c) to contest a determination listed in 516A(a)(2) of the Tariff Act of 1930." A footnote to the rule references the deadline for filing the associated complaint.

Of course a complaint must be timely filed, but failure to file a complaint within the thirty-day period does not bar this action. Under Rule 6(b) of this court, the time for filing a complaint challenging a final determination under § 1516a(a)(2) may be extended even if leave is sought outside the period normally allowed, as long as good cause, which may include excusable neglect, is shown.

The court finds that plaintiffs failed to file their complaint within the thirty day time period because of excusable neglect, that there is a lack of prejudice to other parties and that plaintiffs promptly sought to correct their error.

For the foregoing reasons, plaintiffs' motion to file their complaint at this time is granted.